This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Clifford Haughawout, Jr., appeals from his conviction in the Wadsworth Municipal Court. We affirm.
 I.
{¶ 2} On September 7, 2001, Haughawout was charged with furnishing alcohol to a minor, in violation of R.C. 4301.69. The case proceeded to a jury trial, and the jury found Haughawout guilty. The Wadsworth Municipal Court convicted Haughawout and sentenced him to fifteen days imprisonment and fined him $250 and costs. This appeal followed.[1]
 II. Assignment of Error {¶ 3} "THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION."
{¶ 4} In his sole assignment of error, Haughawout challenges the sufficiency of the evidence. He argues that the trial court erred by failing to dismiss the case pursuant to Crim.R. 29.
{¶ 5} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. State v. Thompkins (1997), 78 Ohio St.3d 380, 390
(Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 {¶ 6} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
{¶ 7} An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), the appellant assumes the duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A); Statev. Ishmail (1978), 54 Ohio St.2d 402, 405-406. This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; App.R. 9(B).
{¶ 8} In this case, the record on appeal consists of the docket and journal entries from the trial court, as well as a certified videotape of the trial proceedings. We find that the videotape is insufficient to satisfy the appellant's burden of establishing error. App.R. 9(A) provides, in pertinent part:
 {¶ 9} "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." (Emphasis added.) See, also, Loc.R. 5(A)(1)(b).
{¶ 10} Haughawout provided a certified videotape of the trial proceedings and attached to his brief a typed statement wherein counsel states that three witnesses testified as to certain facts. The typed statement contains only a very general summary of the testimony presented. However, Haughawout failed to provide this Court with any typed portion of the videotape transcript.
{¶ 11} A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp,61 Ohio St.2d at 199. Haughawout failed to attach typed portions of the videotape transcript necessary for the review of his assignment of error; therefore, we must presume the regularity of the trial court's proceedings and affirm its judgment. See, e.g., State v. Williams (Apr. 10, 2002), 9th Dist. No. 3247-M; State v. Schwarz (Nov. 7, 2001), 9th Dist. No. 3176-M; State v. Buzzelli (Oct. 24, 2001), 9th Dist. No. 3145-M. Accordingly, Haughawout's sole assignment of error is overruled.
 III.
{¶ 12} Having overruled Haughawout's sole assignment of error, we affirm the judgment of the Wadsworth Municipal Court.
SLABY, P.J., CARR, J. CONCUR.
[1] We note that Appellee did not file an appellate brief in this case.